**NOT FOR PUBLICATION**

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE ANGEL PACHECO et al,**<br><br>    **Plaintiffs,**<br><br>v.<br><br>**PASSAIC POLICE DEPARTMENT et al,**<br><br>    **Defendants.** | **Civil Action No. 2:12-cv-06929**<br>**(JLL) (JAD)**<br><br><br>**OPINION** |

JOSEPH A. DICKSON, U.S.M.J.

     This matter comes before the Court upon motion by plaintiffs, Jose Angel Pacheco, Zulma Gonzalez, Angel Ramos, Yorelys Torres, Iverson Pacheco, Orlando Gonzalez, and Zulma Ayala (collectively "Plaintiffs"), for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a) (the "Motion to Amend"), and add defendants: 1) Passaic County Prosecutor's Office; 2) Detective Lieutenant D. Bachok; and 3) Detective M. Saracino to this action. (ECF No. 32). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiffs' Motion to Amend is **denied without prejudice.**

## I.      BACKGROUND.

### A.  Procedural and Brief Factual History

This is an action for alleged violations of the civil rights[1] of Jose Angel Pacheco, Zulma Gonzalez, Angel Ramos, Yorelys Torres, Iverson Pacheco, Orlando Gonzalez, and Zulma Ayala (collectively "Plaintiffs"), arising from a search of Plaintiffs' residence, conducted on November 17, 2011. (Compl., ECF No. 1 at ¶ 21). Plaintiffs bring this action against the participants in the aforementioned search, namely, Passaic Police Department, City Of Passaic, Detective Anthony M. Aceste, Detective Saussan Hajhassan, and Officer De Los Santos, (collectively "Defendants"). (Id. at ¶10-14). Specifically, Plaintiffs allege illegal and unlawful detention of Plaintiffs, illegal searches of Plaintiffs' persons and the illegal search of Plaintiffs' apartment (Id. at ¶2). All violations are alleged to have occurred during the Defendants' performance of their duties while acting under the color of state law. (Id.).

On September 18, 2013, this Court entered a Pretrial Scheduling Order which stated that all amended pleadings in this case shall be submitted by October 31, 2013. (ECF No. 30). Upon receipt of Defendants' Fed. R. Civ. P. 26 disclosures, Plaintiffs' timely filed this Motion to Amend, seeking to add certain defendants to this action, and attaching therein, a proposed amended complaint (the "Amended Complaint"). (Pls. Br., ECF No. 32-1 at 2-3).

### B.  The Proposed Defendants

Plaintiffs seek to amend the Complaint and add the following new defendants to this action: 1) Passaic County Prosecutor's Office; 2) Detective Lieutenant D. Bachok; and 3)

---

[1] Plaintiffs specifically allege violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1981, 1983, 1985 and 1986, N.J.S.A. 10:6-2, the New Jersey Constitution, the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, et seq., and New Jersey common law. (Compl., ECF No. 1, ¶ 1).

Detective M. Saracino, (collectively the "Proposed Defendants"). (Pls. Br., ECF No. 32-1, at 3).

Upon the exchange of certain discovery, Plaintiffs became aware of information identifying the

Proposed Defendants as individuals who ran and/or supervised the investigation and raid on

Plaintiffs' residence. (Id.).[2]  Specifically, Plaintiffs argue that based upon the information

provided in Rule 26 disclosures and written discovery responses that were served on August 16,

2013, August 29, 2013 and September 17, 2013, Plaintiffs have become aware of the identities

of the "John Doe" defendants named in their original complaint. (Id. at 5).  Defendants[3] oppose

the addition of the Proposed Defendants, primarily on the grounds of futility.  (Def. Opp., ECF

No. 33, at 2-5).[4]

## II.    **STANDARD OF REVIEW.**

Federal Rule of Civil Procedure 15 governs motions to amend or supplement proceedings.

Rule 15(a) provides that after a responsive pleading has been filed:

> [A] party may amend its pleading only with the opposing party's
> written consent or the courts leave.  The court should freely give
> leave when justice so requires.

Fed. R. Civ. P. 15(a)(2).

---

[2] Plaintiffs specifically seek to amend the Complaint regarding the Proposed Defendants by adding the following pertinent provisions: 1) "Passaic County Prosecutor's Office is responsible for the hiring, training, and supervision of the police officers and detectives and other personnel who were involved in the investigation, search and detention… also responsible for the establishment and/or implementation of policies, procedures, and practices used by its police officers, detectives and other municipal personnel regarding investigations, searches of dwellings, and detention of individuals;" 2) "Detective D. Bachok was a police detective employed by the defendant Passaic County's Prosecutor's … acting in her official capacity as a police detective under color of law;" and 3) "Police Detective M. Saracino was the police detective employed by the defendant to Fayette County prosecutor's office and working with the city of Passaic and the Passaic Police Department and she was acting in her official capacity as a police detective under color of law." (*See* Amended Compl., ECF No. 32 at Ex. A, ¶12, ¶15, ¶16).

[3] Defendants, Detective Anthony M. Aceste and Detective Saussan Hajhassan are represented by Counsel apart from the remaining Defendants, City of Passaic, Passaic Police Department, and Officer Luis de los Santos. Detective Anthony M. Aceste and Detective Saussan Hajhassan submitted a formal brief in opposition to the Motion to Amend, which this Court cites throughout this Opinion. (ECF No. 33).

[4] Defendants, City of Passaic, Passaic Police Department, and Officer Luis de los Santos oppose the Motion to Amend by way of correspondence, stating "Defendants object to Plaintiffs' proposed Amended Complaint. The Amendment would be futile…" (ECF No. 35).

The grant or denial of leave to amend under Rule 15(a) is a matter "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. Foman v. Davis, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). A proposed amendment may also be denied based on futility if it "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d at 115. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. To survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).[5] Citing its opinion in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

---

[5] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

4

of action will not do,'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice .... Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).  The Court further explained that:

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

Thus, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Id. at 1949.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  Id. at 1949-50.

## III.    DISCUSSION.

The parties did not argue, and the Court does not find, that this Motion to Amend should be denied based on undue delay, undue prejudice or bad faith.  Defendants only argue that permitting an amendment to add the Proposed Defendants would be futile, as prosecutorial

defendants are entitled to absolute immunity or, in the alternative, qualified immunity. (Def. Opp.,
ECF No. 33, at 4). Thus, the Court must determine whether Plaintiffs' amendments are futile as
to each Proposed Defendant.

### 1. Plaintiffs Fail To State A Claim For Relief Against Proposed Defendants.

Defendants argue that adding the Proposed Defendants to this action would be futile as the
amendment will have no bearing on the outcome of this matter and would not change any of the
claims in the Complaint. (Reply Br., ECF No. 34 at 4).  While these arguments do not properly
articulate the futility standard, this Court finds that the Amended Complaint would not otherwise
survive a Rule 12(b)(6) motion to dismiss.

The Amended Complaint does not include any facts or claims referring to Detective
Bachok's and Detective Saracino's[6] involvement in the investigation or the alleged unlawful
search and seizure. Nor does the Amended Complaint include any facts or assertions referring to
the Passaic County Prosecutor's Office. Plaintiffs only allude to the possibility of the Proposed
Defendants' knowledge that a raid took place. Specifically, Plaintiffs state only that Defendants'
Rule 26 disclosures "identified persons with knowledge of the raid and the investigation that led
to the raid" and according to this disclosure, the Proposed Defendants, "ran and/or supervised the
investigation and raid on plaintiffs home in conjunction with the previously named defendants."
(Pl. Br., ECF No. 32-1 at 4-5).  The facts alleged in the Amended Complaint only name the
Proposed Detective Defendants as parties that were employed by proposed defendant, Passaic
County Prosecutor's Office and working with the City of Passaic and Passaic Police Department.
(*See* Amended Compl., ECF No. 32).  These allegations, even when taken as true, do not allege

---

[6] For the purposes of this Opinion, the "Proposed Detective Defendants" referenced are Detective Lieutenant D.
Bachok and Detective M. Saracino.

6

how or when the Proposed Defendants were involved in the violation of Plaintiffs' rights, and thus, do not pass muster under a 12(b)(6) analysis.

### A. Constitutional Rights Violations Under 42 U.S.C. § 1983

Plaintiffs have brought suit for damages against all Defendants under 42 U.S.C. §1983 for violations of their Fourth, Thirteenth and Fourteenth Amendment rights. (Compl., ECF No. 1, at ¶1). To state a claim under 42 U.S.C. §1983, a plaintiff must show that: (1) the conduct at issue was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of rights, privileges, or immunities secured by the laws and Constitution of the United States. *See* West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). Section 1983 itself does not establish substantive rights, but instead provides a "method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (quotations and citation omitted).

A claim in a civil rights action must allege or show that the defendant had "personal involvement in the alleged wrongs; liability cannot be predicated on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988). *See also* Iqbal, 129 S.Ct. at 1949 (explaining that supervisors are "only liable for his or her own misconduct"). The Proposed Detective Defendants were acting under color of state law in their official capacities as detectives for the Passaic County Prosecutor's Office. The issue before this Court is whether Plaintiffs have stated sufficient facts to support the claim that Proposed Defendants violated Plaintiffs' constitutional rights. As stated above, it is not clear whether the Proposed Defendants are alleged to have been present during the alleged deprivations, much less whether they actively participated in the violations themselves. The facts, even when viewed must favorably towards Plaintiff, do not

7

sufficiently state a plausible claim against Proposed Defendants as it is unclear how they allegedly violated Plaintiffs' rights.

### B. Civil Conspiracy

"Civil conspiracy is a vehicle by which § 1983 liability may be imputed to those who have not actually performed the act denying constitutional rights." McGovern v. City of Jersey City, No. 98–CV–5186 (JLL), 2006 WL 42236, at 9 (D.N.J. Jan.6, 2006). "To properly state a § 1983 conspiracy claim, a plaintiff must allege that, "persons acting under color of state law conspired to deprive him of a federally protected right." Al–Ayoubi v. City of Hackensack, No. 2:10–cv–02592, 2011 WL 6825944, at 8 (D.N.J. Dec.28, 2011) (quotations and citation omitted). The allegations for a conspiracy claim " 'must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action.' " Id. (quoting Capogrosso v. Supreme Court of New Jersey, 588 F.3d 180, 185 (3d Cir.2009)). As to the civil conspiracy claim, the Amended Complaint does not adequatelyly allege that the Proposed Defendants participated in an "improper agreement" or unlawful conspiracy to violate Plaintiffs' civil rights, rendering such amendment futile.

The Amended Complaint alleges that all "defendant police officers and detectives" agreed and acted to deprive Plaintiffs of their constitutional rights and further concludes "any of the defendant officers and detectives named herein who were present and did not actively participate in the deprivations set forth herein are liable for failing to prevent them." (Amended Compl., ECF No. 32 at ¶¶49-50). However, there are no actual facts alleging how any of the Proposed Defendants deprived Plaintiffs of their rights, engaged in concerted action in doing so, or were present at the raid. As stated above, Plaintiffs' only allege the Proposed Defendants had "knowledge" of the raid

8

and investigation that is the subject of this lawsuit and that they "ran and/or supervised" the raid of Plaintiffs' home. (Pl. Br., ECF No. 32-1 at 4-5). These facts do not create a plausible cause of action but are merely conclusory statements of the elements of a civil rights claim. The remaining facts fail to show that there was any agreement resulting in violations of Plaintiffs' rights.[7] Accordingly, the Motion to Amend shall be denied without prejudice for failure to state a claim, pursuant to the Rule 12(b)(6) analysis. Plaintiffs shall be permitted to seek to amend within thirty (30) days of the date of this Opinion to remedy the failures of the Amended Complaint. However, Plaintiffs are cautioned by the Court's following analysis of qualified immunity.

2.  **Even if the Amended Complaint Could Pass Muster under 12(b)(6), the Proposed Defendant, Passaic County Prosecutor's Office, Is Entitled to Eleventh Amendment Immunity.**

The Eleventh Amendment protects non-consenting states from suits brought in federal court by private citizens seeking money damages. Hyatt v. Cnty. of Passaic, 340 F. App'x 833, 836 (3d Cir. 2009). (*Citing* Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).). This immunity extends to state agencies when the state is the "real party in interest." Hyatt v. Cnty. of Passaic, at 833. To determine whether the State is the "real party in interest," the Court considers the following factors: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree

---

[7] "Because transgressions of §1986 by definition depend on a preexisting violation of §1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also." Rogin v. Bensalem Township, 616 F.2d 680, 696 (3d Cir.1980). Here, because Plaintiffs have not adequately pled a claim under Section §1985(3) the Court may dismiss the Section §1986 claim against Proposed Defendants.

9

of autonomy." Haybarger v. Lawrence County Adult Prob. & Parole, 551 F.3d 193, 198 (3d Cir.2008) (citing Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir.1989)).

The Passaic County Prosecutor's Office is an arm of the State of New Jersey under New Jersey law.  Under New Jersey law, when county prosecutors and their subordinates perform law enforcement and prosecutorial functions, "they act as agents of the State," and the State must indemnify a judgment arising from their conduct. Wright v. State, 169 N.J. 422, 778 A.2d 443, 461–62, 464 (2001). A county, such as the County of Passaic, is liable when prosecutorial defendants "perform administrative tasks unrelated to their strictly prosecutorial functions, such as ... personnel decisions." Hyatt v. Cnty. of Passaic, at 836. (*Citing* Coleman v. Kaye, 87 F.3d 1491, 1499 (3d Cir.1996)). In this case, Plaintiffs' claims against the Passaic County Prosecutor's Office are related to the performance of classic law enforcement and prosecutorial functions.

Specifically, the Amended Complaint asserts claims against the Passaic County Prosecutor's Office for:  (1) its failure to train and supervise its police officers and detectives "in the fundamental law of police procedures and protocols in dealing with investigations, searches, seizures and detentions;" and (2) its adoption of an official policy or custom of unreasonable and illegal conduct by its officers and detectives.  (Id. at ¶84-91). Plaintiffs further allege that the failure of the Passaic County Prosecutor's Office to train and refusal to discipline its detectives encouraged the defendant officers and detectives to engage in the type of illegal conduct that led to the violation of Plaintiffs' constitutional rights. (Id.). Training and policy decisions that require legal knowledge and discretion are related to prosecutorial functions and are unlike administrative tasks concerning personnel. Hyatt v. Cnty. of Passaic, 836-837.

Here, the Passaic County Prosecutor's Office procedures, policy, and training regarding searches, seizures, investigations and detentions require legal knowledge and discretion, and are therefore related to prosecutorial functions. Further, under New Jersey law, the Passaic County Prosecutor's Office "remains at all times subject to the supervision and supersession power of the Attorney General" when performing its prosecutorial function and is not autonomous from the State. Wright 778 A.2d, at 462. Therefore, the PCPO is immune from all of Plaintiffs' claims because it is not autonomous from the State regarding its prosecutorial activities, which include the procedures policies and training regarding investigations, searches, seizures and detentions. Accordingly, because the PCPO and its officials acted in their official capacities as agents of the State, they qualify for Eleventh Amendment immunity.

Further, this District has consistently and uniformly held that the Eleventh Amendment precludes federal suits against New Jersey county prosecutors, as well as their offices and staff, arising out of their law enforcement functions on the basis that the real party in interest in these suits is the State of New Jersey. See Nugent v. County of Hunterdon, No. 09–2710, 2010 WL 1949359 (D.N.J. May 14, 2010); Watkins v. Attorney General of New Jersey, No. 06–1391, 2006 WL 2864631 at 3 (D.N.J. October 4, 2006) ("[A county prosecutor's office ] is not subject to suit under § 1983 because the Prosecutor's Office is not a government entity which can be sued under § 1983 separate from the individual who is the county prosecutor or the governmental entity that the county prosecutor serves"). Similarly, under the Fitchik[8] analysis, the Third Circuit has consistently held that county prosecutor's offices are agents of the state, and therefore entitled to Eleventh Amendment Immunity from suit, when performing classic law enforcement and investigative functions. See Coleman v. Kaye, 87 F.3d 1491, 1505 (3d Cir.1996).

---

[8] Referencing Fitchik v. N.J. Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir.1989).

**3. Should the Amended Complaint Pass Muster under 12(b)(6), the Proposed Detective Defendants Are Likely Entitled To Qualified Immunity.**

Government officials are entitled to qualified immunity in the performance of their discretionary duties if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1992). The determination of whether an officer is entitled to qualified immunity implicates a two-prong test: (1) the Court has to determine if the officer violated a "clearly established" constitutional right; and (2) whether a reasonable officer would have known that his/her actions deprived the Plaintiff of that "clearly established" right. Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir.2005); see also Saucier, 533 U.S. at 201. Applying this standard, Proposed Detective Defendants are entitled to qualified immunity because the Amended Complaint does not allege any facts supporting a claim that Proposed Defendants violated *clearly established* rights of Plaintiffs or anything else for that matter.

To find that a right is clearly established, "the right allegedly violated must be defined at the appropriate level of specificity." Wilson v. Layne, 526 U.S. 603, 615, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999). Plaintiffs have failed to plead specific facts that demonstrate Proposed Detective Defendants violated Plaintiffs' constitutional rights. Further, "a right is clearly established for the purposes of qualified immunity when its contours are sufficiently clear that a reasonable official would understand that what he [/she] is doing violates that right." Hubbard v. Taylor, 538 F.3d 229, 236 (3d Cir.2008) (*quoting* Williams v. Bitner, 455 F.3d 186, 191 (3d Cir.2006) (internal quotations omitted). The allegations that the Proposed Detective Defendants had "knowledge" of the raid or "ran and/or supervised" the raid of Plaintiffs' home does not

correlate to actions by the Proposed Detective Defendants in violation of a right, especially in light of the prior investigation and the warrant issued on probable cause. (*See* Pl. Br., ECF No. 32-1 at 2-5). It remains unclear if the Proposed Detective Defendants violated Plaintiffs' clearly established constitutional rights, so the Court reserves discussion as to whether it was reasonable for them to violate such rights. Thus, as the first prong of this test is not met, the Proposed Detective Defendants are entitled to qualified immunity.

Finally, "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation.'" <u>Saucier v. Katz</u>, 533 U.S. 194, 200 (2001) (*quoting* <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526 (1985)). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. <u>Pearson v. Callahan</u>, 555 U.S. 223, 231 (2009). As such, federal courts have made clear that the "driving force" behind creation of the qualified immunity doctrine was a desire to ensure that " 'insubstantial claims' against government officials [will] be resolved prior to discovery." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987). Accordingly, Courts have repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation. <u>Hunter v. Bryant</u>, 502 U.S. 224, 227. Here, the application of qualified immunity to the Proposed Detective Defendants may well be appropriate, and the present proposed amendment fails to set forth clearly delineated, non-conclusory facts overcoming the presumption of immunity. The purpose of the Qualified Immunity Doctrine is to bar suit in cases, such as the one at bar, that do not articulate a clear violation of protected rights by government officials. Plaintiffs will be well advised to consider the doctrine of qualified immunity and section III (1) of this Opinion, should they again seek to amend their Complaint.

IV.    **CONCLUSION**

For the reasons set forth above, Plaintiffs' Motion to Amend, (ECF No. 32), is **denied without prejudice.**

**SO ORDERED**

JOSEPH A. DICKSON, U.S.M.J.

cc:    Honorable Jose L. Linares, U.S.D.J.